UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| National Trucking Financial Reclamation Services, LLC, individually and on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Jui Li Enterprise Company, Ltd.; <br> Tong Yang Industry Co. Ltd.; <br> TYG Products, L.P.; <br> Gordon Auto Body Parts Co., Ltd.; <br> Auto Parts Industrial, Ltd.; and <br> Cornerstone Auto Parts, LLC, <br><br> Defendants. | Case No. 2:14-cv-1061 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION AND EXPEDITED,
<u>NON-DISPOSITIVE MOTION TO STAY PURSUANT TO CIVIL LOCAL RULE 7(h)</u>**

Pursuant to Federal Rule of Civil Procedure 23, Plaintiff National Trucking Financial Reclamation Services, LLC, individually and on behalf of all others similarly situated, by and through counsel, respectfully submits this Memorandum in Support of its Motion for Class Certification and Expedited, Non-Dispositive Motion to Stay pursuant to Local Rule 7(h).

**INTRODUCTION AND SUMMARY**

This class action relates to Defendants' alleged unlawful conspiracy to inflate the prices of aftermarket automotive sheet metal parts ("AM Sheet Metal Parts") in violation of the laws of Arkansas, Arizona, California, Florida, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Nebraska, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, and Wisconsin (collectively, the "Class Jurisdictions") and U.S. antitrust law.

National Trucking Financial Reclamation Services, LLC is an assignee of the legal interest and claims of a third-party payor trucking company that indirectly paid or reimbursed others for the purchase for end use of AM Sheet Metal Parts from one or more of the Defendants or their controlled subsidiaries during the Class Period. National Trucking Financial Reclamation Services, LLC is hereinafter referred to as "Plaintiff" in its capacity as assignee of a third-party payor trucking company that indirectly paid or reimbursed others for the purchase for end use of AM Sheet Metal Parts. As the result of Defendants' unlawful conspiracy, Plaintiff and others similarly situated paid supra-competitive prices when purchasing AM Sheet Metal Parts for end use.

Plaintiff submitted its Motion for Class Certification and Civil L.R. 7(h) Expedited, Non-Dispositive Motion to Stay in accordance with *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), to ensure preservation of this matter's status as a class action. *Id.* at 896 (the filing of a motion for class certification protects the putative class from attempts to buy off named plaintiffs). Discovery in this matter is ongoing and Plaintiff seeks additional time to develop the record in support of its request that this matter be certified as a class action. Thus, it is appropriate for the Court to stay briefing on Plaintiff's Motion for Class Certification.

Certification of this matter for class action treatment is appropriate. Rigorous analysis of Rule 23 in antitrust cases will frequently result in class certification. *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 814-15 (7th Cir. 2012). This case is no exception. Plaintiff's interests are aligned with the Class members it seeks to represent and have retained counsel with significant experience in complex litigation and class actions. A class action is the superior—and only realistic—means of fairly and efficiently adjudicating Class members' claims, and questions common to all Class members predominate over any potential individualized issues.

Additionally, Defendants' conspiracy was market-wide and final injunctive relief or declaratory relief is appropriate to protect the Classes from future harm. Thus, respectfully, the Court should certify the Classes as requested herein, but not before staying briefing on Plaintiff's Motion for Class Certification and granting Plaintiff leave to file an amended motion for class certification at a future date.

## ARGUMENT

### I. BRIEFING ON CLASS CERTIFICATION SHOULD BE STAYED

Plaintiff submits its Motion for Class Certification and Expedited, Non-Dispositive Motion to Stay pursuant to Local Rule 7(h) in accordance with *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), to ensure preservation of this matter's status as a class action. *Damasco* holds that in the absence of a pending motion for class certification, a class action defendant can moot a plaintiff's claims by tendering an offer of judgment. *Id.* at 896. "The pendency of [a motion for class certification] protects a putative class from attempts to buy off named plaintiffs." *Id.* at 896. *Damasco* instructs that:

> If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation. In a variety of other contexts, we have allowed plaintiffs to request stays after filing suit in order to allow them to complete essential activities.

*Id.* Discovery in this matter is ongoing and Plaintiff seeks additional time to develop facts in support of their motion for class certification. Thus, Plaintiff submits that the Court stay briefing on this motion for class certification and grant Plaintiff leave to file an amended motion for class certification at a future date.

3

## II. CLASS CERTIFICATION IS APPROPRIATE

### 1. Class Certification Standard of Review

A district court must engage in "rigorous analysis" to determine whether the elements of Rule 23 are satisfied. *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011) (quoting *General Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 160 (1982)). Although this analysis may entail some overlap with the merits of a plaintiff's case, "[i]n conducting this analysis, the court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *Messner*, 669 F.3d at 811. Price-fixing cases are especially appropriate for class action treatment. *See, e.g., In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 592 (N.D. Cal. 2010) (citations omitted).

To be certified for class action treatment, a proposed class must: (1) be ascertainable; (2) satisfy the numerosity, commonality, typicality, adequacy requirements of Fed. R. Civ. P. ("Rule") 23(a); and (3) satisfy the requirements of Rule 23(b)(1), (b)(2), or (b)(3). As detailed below, the Classes are ascertainable and the requirements of Rules 23(a), 23(b)(2), and 23(b)(3) are satisfied here. As such, certification of this matter as a class action is appropriate.

### 2. The Classes Are Ascertainable

Each of the proposed Class definitions satisfy the threshold requirement that a class definition be ascertainable. *See* Fed. R. Civ. P. 23(c)(1)(B) ("An order that certifies a class action must define the class[.]"); Manual for Complex Litigation § 21.222, at 270 (4th ed. 2005) ("The definition must be precise, objective, and presently ascertainable."). Plaintiff seeks certification of the following Nationwide Class for injunctive relief under Fed. R. Civ. P.

23(b)(2):[1]

> All third-party payors that from January 1, 2003 through the present indirectly paid or reimbursed others for the purchase of AM Sheet Metal Parts for end use in the U.S. from one or more Defendants.

Pursuant to Fed. R. Civ. P. 23(b)(3), Plaintiff seeks certification of separate Classes under the laws of Arkansas, Arizona, California, Florida, Iowa, Massachusetts, Michigan, Minnesota, Nebraska, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee and Wisconsin, defined as follows:

> All third-party payors that from January 1, 2003 through the present indirectly paid or reimbursed others for the purchase of AM Sheet Metal Parts for end use in [State/Territory] from one or more Defendants.

Pursuant to Fed. R. Civ. P. 23(b)(3), Plaintiff seeks certification of a Class under Kansas law defined as follows:

> All third-party payors that from August 30, 2010 through the present indirectly paid or reimbursed others for the purchase of AM Sheet Metal Parts for end use in Kansas from one or more Defendants.

Pursuant to Fed. R. Civ. P. 23(b)(3), Plaintiff seeks certification of a Class under Oregon law defined as follows:

> All third-party payors that from January 1, 2010 through the present indirectly paid or reimbursed others for the purchase of AM Sheet Metal Parts for end use in Oregon from one or more Defendants.

The definition of each Class is precise, objective, and worded in such a manner that persons and entities will be able to tell whether or not they are Class members. As such, each of the Classes is properly defined.

---

[1] Excluded from the Classes are Defendants; the officers, directors or employees of any of Defendants; any entity in which any Defendant has a controlling interest; and any affiliate legal representative, heir or assign of any Defendant.

### 3. The Requirements of Rule 23(a) Are Satisfied

Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. As discussed below, each of these criteria is met.

#### a. Numerosity

Fed. R. Civ. P. 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." Generally, joinder is considered impracticable for classes numbering at least 40 persons. *Reliable Money Order, Inc. v. McKnight Sales Co., Inc.*, 281 F.R.D. 327, 332 (E.D. Wis. 2012) (citing *Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969)). Plaintiff estimates that each of the Classes includes hundreds, if not thousands, of members. Thus, each Class is so numerous that it would be impracticable to join all of its members in one action, and Rule 23(a)(1)'s numerosity requirement is satisfied.

#### b. Commonality

Rule 23(a)(2) requires the existence of a question of law or fact that is common to all Class members and capable of class-wide resolution, the determination of which is central to the validity of all Class members' claims. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). In price-fixing cases, the first element of the plaintiffs' claims—whether there has been an antitrust violation—is by itself generally sufficient to satisfy the commonality requirement. *See Paper Sys. Inc. v Mitsubishi Corp.*, 193 F.R.D. 601, 612 (E.D. Wis. 2000).

This action involves several common questions of law and fact, including, *inter alia*:

    a)    Whether Defendants engaged in an unlawful contract, combination, or conspiracy among themselves to fix, maintain, or stabilize the price of AM Sheet Metal Parts sold in the United States, including the Class Jurisdictions;

    b)    Whether the conduct of Defendants caused the prices of AM Sheet Metal Parts to be artificially inflated in the United States, including the Class Jurisdictions;

    c)    Whether Defendants engaged in an unlawful contract, combination, and/or conspiracy to restrict output of AM Sheet Metal Parts sold in the United States, including the Class Jurisdictions;

    d)    Whether Defendants' conduct caused injury to the members of the Classes and, if so, the proper measure of damages;

    e)    Whether Defendants were unjustly enriched;

    f)    Whether Plaintiff and the other members of the Classes are entitled to, among other things, injunctive relief, and if so, the nature and extent of such injunctive relief; and

    g)    Whether Defendants undertook actions to conceal the unlawful contract, combination, or conspiracy described herein.

Rule 23(a)'s commonality requirement is readily satisfied in this matter.

### c. Typicality

The focus of Rule 23(a)(3)'s typicality requirement "is whether the representative plaintiffs' claims are based on the same legal theory and arise from the same conduct that gives rise to the claims of the other members of the proposed class." *Bauer v. Kraft Foods Global, Inc.*, 277 F.R.D. 558, 562 (W.D. Wis. 2012) (citing *Rosario v. Lavaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). "Typicality does not require that the claims or defenses of the named plaintiffs be identical or perfectly coextensive with the claims or defenses of the members; substantial similarity is satisfactory." *Riordan v. Smith Barney*, 113 F.R.D. 60, 63 (N.D. Ill. 1986) (citation omitted).

Plaintiff's claims stem from the same standardized course of conduct and are based on the same legal theories as the Class members they each seek to represent. Additionally, Plaintiff

and the other Class members were harmed in the same manner as a result of paying supra-competitive prices for AM Sheet Metal Parts. Thus, Rule 23(a)(3)'s typicality requirement is satisfied.

### d. Adequacy

Rule 23(a)(4)'s adequacy requirement mandates that a proposed class representative not possess "interests that are antagonistic to those of the other class members," *Reliable Money Order, Inc. v. McKnight Sales Co.*, 281 F.R.D. 327, 333 (E.D. Wis. 2012) (citations and quotations omitted), and retain "experienced, competent counsel." *Bauer v. Kraft Foods Global, Inc.*, 277 F.R.D. 558, 562 (W.D. Wis. 2012).

Plaintiff's interests are aligned with the Class members it seeks to represent. Plaintiff and all other Class members were injured by the same alleged conduct—Defendants' conspiracy to fix the price of AM Sheet Metal Parts—and share a strong interest in establishing Defendants' liability and maximizing Class-wide damages. Additionally, Proposed Co-Lead Class Counsel are highly capable and experienced attorneys who have successfully prosecuted numerous consumer class action cases, and are capable of, and committed to, prosecuting this action vigorously on behalf of the Classes.

Thus, Rule 23(a)(4)'s adequacy requirement is satisfied.

### 4. The Requirements of Rule 23(b)(3) are Satisfied

Rule 23(b)(3) requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members of the class, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). These requirements were added "to cover cases 'in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity

8

Case 2:14-cv-01061-LA   Filed 08/29/14   Page 8 of 14   Document 4

of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (quoting Fed. R. Civ. P. 23(b)(3) Adv. Comm. Notes to 1966 Amendment).

### a. Predominance

Rule 23(b)(3)'s predominance element requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The requirement "is satisfied when 'common questions represent a significant aspect of [a] case and . . . can be resolved for all members of [a] class in a single adjudication.'" *Messner*, 669 F.3d at 815 (quoting 7AA Wright & Miller, Federal Practice & Procedure § 1778 (3d ed. 2011). "Predominance is a test readily met in certain cases alleging . . . violations of . . . antitrust laws." *Amchem Prods., Inc.*, 521 U.S. at 625.

To establish liability, Plaintiff will need to prove: "(1) a conspiracy to fix prices in violation of the antitrust laws; (2) an antitrust injury—i.e., the impact of the defendants' unlawful activity; and (3) damages caused by the antitrust violations." *See, e.g., In re: Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. C-07-59944-SC, 2013 WL 5391159 (N.D. Cal. Sept. 24, 2013). Each of these issues can be established on a Class-wide basis through evidence common to all Class members.

### i. Defendants' Unlawful Conspiracy Is the Common Question at the Center of this Litigation

As noted above, trials in price-fixing cases generally focus largely on the question of whether the defendants entered into a contract, combination, or conspiracy in violation of applicable law. *See* 6 Newberg on Class Actions § 18.28 at 102 (4th ed. 2002) ("As a rule, the allegation of a price-fixing conspiracy is sufficient to establish predominance of common questions.") (collecting cases). Plaintiff anticipates that this case will be no different. To prove

this element at trial, Plaintiff will present evidence relating to Defendants' conduct. This evidence will be common to all Class members and the issue of whether Defendants engaged in a conspiracy in violation of applicable laws can be established on a Class-wide basis.

### ii. Whether Defendants' Unlawful Anticompetitive Conduct Caused Antitrust Impact Is a Common Question

To satisfy Rule 23(b)(3) with respect to the element of antitrust impact, a plaintiff must show that it is possible to use common evidence to prove that the defendants' anticompetitive conduct caused antitrust impact. *Messner*, 669 F.3d at 816. Many courts have adopted a "'general rule' that 'an illegal price-fixing scheme presumptively impacts upon all purchasers of the price-fixed product in a conspiratorially affected market.'" *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 169-70 (S.D. Ind. 2009) (quoting *In re Alcoholic Beverages Litig.*, 95 F.R.D. 321, 327 (S.D.N.Y. 1982)); *In re Foundry Resins Antitrust Litig.*, 242 F.R.D. 393, 409 (S.D. Ohio 2007) ("Courts have generally found that when parties succeed in conspiring to fix prices, everyone who purchases the relevant goods or services [is] invariably injured") (citation omitted).

Here, Plaintiff will use common evidence at trial that Defendants' antitrust violations caused the prices of AM Sheet Metal Parts shipped to the United States to be artificially inflated. In their amended motion for class certification, Plaintiff intends to submit qualitative and quantitative evidence common to all Class members showing that this issue can be proven on a Class-wide basis. Much of this qualitative evidence will focus on industry and market dynamics and is common to all Class members. For example, established economic principles support that the AM Sheet Metal Part market was ripe for cartelization and price-fixing during the Class Period because Defendants collectively manufactured the overwhelming majority of all AM Sheet Metal Parts sold in the United States, the barriers to entry into the AM Sheet Metal Part

industry are high, Defendants met and communicated with one another on a regular basis, and Defendants entered into numerous agreements with one another relating to the manufacturing and distribution of AM Sheet Metal Parts—the very purpose of which was to raise the price of AM Sheet Metal Parts.

Plaintiff will also present quantitative evidence in support of the fact that antitrust impact can be proven at trial through common proof. Specifically, Plaintiff intends to use an empirical class-wide methodology to prove that Defendants' direct customers paid higher prices as the result of Defendants' conspiracy. This evidence will be common to all Class members. As such, the antitrust impact element of Plaintiff's claims can be proven on a common, Class-wide basis.

### iii. Damages is a Common Question

The amount of damages suffered by the Class as a result of Defendants' anticompetitive conduct is also a common question that can be proven through evidence common to all Class members.[2] "[W]hile the damages may not be determined by mere speculation or guess, it will be enough if the evidence show the extent of the damages as a matter of just and reasonable inference, although the result be only approximate." *Fishman v. Estate of Wirtz*, 807 F.2d 520, 551 (7th Cir. 1986) (citing *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563 (1931)). Here, Plaintiff's amended motion for class certification will include expert testimony using accepted methodologies showing that damages can be proven through evidence common to all Class members.

---

[2] "Courts have routinely held . . . that the need for individualized determinations of the putative class members' damages does not, without more, preclude certification of a class under Rule 23(b)(3)." *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 172-73 (S.D. Ind. 2009).

### b. A Class Action Is the Superior Method to Fairly and Efficiently Adjudicate this Matter

Rule 23(b)(3) requires a class action to be "superior to other available methods for the fair and efficient adjudication of the controversy," and sets forth the following factors:

> The matters pertinent to the findings include: (A) the class members' interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any class members litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23. "[A] class action has to be unwieldy indeed before it can be pronounced an inferior alternative—no matter how massive the fraud or other wrongdoing that will go unpunished if class treatment is denied—to no litigation at all." *Carnegie v. Household Int'l Inc.*, 376 F.3d 656, 661 (7th Cir. 2004).

A class action is the only realistic means of fairly and efficiently adjudicating this antitrust matter. When compared to the likely expense of litigating this matter, each Class member's damages are minimal. Thus, individual Class members have very little interest in prosecuting or controlling this matter. To Plaintiff's knowledge, excluding Plaintiff, no Class member is currently involved in litigation against Defendants on an individual basis relating to the facts, law, and time period at issue. Additionally, Plaintiff submits that it is desirable to concentrate Class members' claims in the same forum, because they relate almost exclusively to the conduct of Defendants. Finally, Plaintiff does not foresee any manageability issues in litigating this matter as a class action. In sum, the class action procedural mechanism is a superior means of adjudicating the factual and legal issues alleged in this lawsuit, and thus, Rule 23(b)(3) superiority is satisfied.

### 5. The Requirements of Rule 23(b)(2) Are Satisfied

The National Class satisfies the requirements of Rule 23(b)(2). Pursuant to § 16 of the Clayton Act, 15 U.S.C. § 26, Plaintiff seeks to enjoin Defendants from continuing to engage in anticompetitive conduct in violation of § 1 of the Sherman Act, 15 U.S.C. § 1. "Section 16 of the Clayton Act provides, 'Any person . . . shall be entitled to sue for and have injunctive relief . . . against threatened loss or damage by a violation of the antitrust laws . . . under the same conditions and principles . . . [usually employed by] courts of equity.'" *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 596 (N.D. Cal. 2010) (quoting 15 U.S.C. § 26).

Rule 23(b)(2) is satisfied if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Class certification under Rule 23(b)(2) is appropriate in a price-fixing case when the "defendants' collusive conduct was market-wide and not specific to individual customers." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 596 (N.D. Cal. 2010).

Plaintiff alleges that Defendants' antitrust violations were market-wide and resulted in end-users of AM Sheet Metal Parts throughout the country paying supra-competitive prices for such parts. Plaintiff also alleges that Defendants' antitrust violations are ongoing and members of the Class continue to purchase AM Sheet Metal Parts. As such, absent an injunction, Defendants' anticompetitive conduct will continue to harm Class members in the future. Thus, the Court should certify the Nationwide Class under Rule 23(b)(2).

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court enter an Order: (1) granting Plaintiff's Motion for Class Certification; (2) certifying the Classes as requested herein;

(3) appointing Plaintiff as Class Representative; (4) appointing Proposed Co-Lead Class Counsel as Co-Lead Class Counsel for the Classes; and (5) entering such other and further relief as the Court may deem just and proper. Plaintiff requests that prior to entering such relief, the Court stay briefing on Plaintiff's Motion for Class Certification to allow for more time for Plaintiff to complete its investigation and other necessary discovery relating to same and grant Plaintiff leave to file an amended motion for class certification at a future date.

Dated: August 29, 2014

Respectfully submitted,

/s/ Michael L. Roberts
Michael L. Roberts
ROBERTS LAW FIRM, P.A.
20 Rahling Circle
P.O. Box 241790
Little Rock, AR 72223
(501) 821-5575
mikeroberts@robertslawfirm.us

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
(312) 621-2000
b.barnow@barnowlaw.com

*Proposed Co-Lead Class Counsel*